# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SANFORD COHEN,

        Plaintiff(s),

vs.

CATHERINE ISABELLA GOLD,

        Defendant(s).

Case No. 2:17-cv-00804-JAD-NJK

**ORDER**

(Docket No. 33)

Pending before the Court is Richard Harris Law Firm, LLP's ("RHLF") motion to adjudicate attorney's lien. Docket No. 33. Plaintiff filed a response in opposition. Docket No. 37. RHLF filed a reply. Docket No. 41.

## I. BACKGROUND

On April 2, 2015, Plaintiff, now deceased, hired RHLF to represent him in an automobile accident. Docket No. 33 at 2. Plaintiff signed a retainer agreement on a contingency fee basis and agreed, if he had discharged RHLF prior to the end of the case, to pay a *pro rata* share of the total attorneys' fees, 33 1/3 % of the last settlement offer (40% after initiation of a lawsuit), or "$1,000 per hour for all attorney and staff time, whichever is more." *Id.* at 5.

On April 14, 2016, Plaintiff terminated RHLF's representation. *Id.* at 2. On May 20, 2016, RHLF served a notice of claim of attorney's lien by certified mail on Plaintiff's new counsel, Gerald F. Neal, Ocean Harbor Casualty Insurance Company, and Progressive Insurance. *Id.* RHLF unsuccessfully attempted to serve the notice by certified mail on Plaintiff. Docket Nos. 33-4 at 7, 33-5 at 1.

On November 14, 2016, Mr. Neal notified RHLF that he was no longer Plaintiff's counsel. Docket No. 33-3. On December 22, 2016, RHLF served a notice of claim of attorney's lien by certified mail on Plaintiff's new counsel, Trevor Quirk. Docket No. 33-6. On August 2, 2017, RHLF served a notice of claim of attorney's lien by certified mail on Plaintiff's newest counsel, Michael D. McLachlan. Docket No. 33-7. RHLF attempted to serve the notice by certified mail on Plaintiff but was notified by the returned mailing that Plaintiff was deceased. *Id.* at 1; *see also* Docket no. 33-8.

During the course of RHLF's representation of Plaintiff, RHLF obtained medical payments and insurance payments from Progressive Insurance on behalf of Plaintiff. Docket No. 33 at 2. RHLF continued to work on Plaintiff's underinsured motorist claim against Ocean Harbor Casualty Insurance Company and Progressive Insurance until Plaintiff terminated RHLF's representation. *Id.* In April 2017, RHLF sent $8,981.82 of the remaining funds from Plaintiff's first settlement to Plaintiff's counsel, Mr. McLachlan, but was unable to resolve its outstanding attorney's lien with Mr. McLachlan. *Id.* at 3. Through the pending motion, RHLF seeks payment of $33,400 in fees based on *quantum meruit* for the work it performed on Plaintiff's underinsured motorist claim prior to its discharge. Docket Nos. 33 at 3, 33-9.

## II. ATTORNEY'S LIEN

Nevada recognizes two types of attorney's liens. *See, e.g.*, *Newstar Chemicals (M) SDN BHD v. Megola, Inc.*, 2012 U.S. Dist. LEXIS 135945, at *4 (D. Nev. Sept. 21, 2012) (citation omitted); *see also Figliuzzi v. Eigth Judicial Dist. Court In and For Cty. of Clark*, 890 P.2d 789, 801 (Nev. 1995). The first is "a special or charging lien," which provides a lien on "the judgment or settlement [that] the attorney has obtained for the client." The second is a "retaining lien," which allows an attorney that has been terminated by the client to withhold the client's file, documents, and other property "until the court, at the request or consent of the client, adjudicates the client's rights and obligations" and orders the attorney to return the items to the client upon payment of attorneys' fees. *Newstar Chemicals (M) SDN BHD*, 2012 U.S. Dist. LEXIS 135945, at *4.

Nevada Revised Statute § 18.015 also provides guidance on the two types of attorney's liens:

1. An attorney at law shall have a lien:

    (a) Upon any claim, demand or cause of action, including any claim for unliquidated

damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted.

    (b) In any civil action, upon any file or other property properly left in the possession of the attorney by a client.

2. A lien pursuant to subsection 1 is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client.

3. An attorney perfects a lien described in subsection 1 by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien.

4. A lien pursuant to:

    (a) Paragraph (a) of subsection 1 attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action; and

    (b) Paragraph (b) of subsection 1 attaches to any file or other property properly left in the possession of the attorney by his or her client, including, without limitation, copies of the attorney's file if the original documents received from the client have been returned to the client, and authorizes the attorney to retain any such file or property until such time as an adjudication is made pursuant to subsection 6, from the time of service of the notices required by this section.

RHLF seeks to adjudicate its charging lien, as described under paragraph (a) of subsection 1, above.

### III.    JURISDICTION

In accordance with NRS § 18.015, RHLF attempted to perfect its lien before the instant case was settled by serving notice of its claim of attorney's lien by certified mail on Plaintiff and his new counsel. Docket Nos. 33 at 2-3, 28; *see also G. Dallas Horton & Assocs. v. Harris*, 2016 U.S. Dist. LEXIS 98800, *8 (D. Nev. July 28, 2016) (reiterating that the notice required by NRS § 18.015(3) must be "served before any funds are received" in order to perfect the lien) (citing *Golightly & Vannah, PLLC v. TJ Allen, LLC*, 373 P.3d 103, 105 (Nev. 2016) ("when an attorney does not attempt to perfect his or her lien until after settlement is reached and the proceeds have been received, the lien does not attach to settlement proceeds")). The instant case was settled on July 28, 2017, and dismissed with prejudice on August 22, 2017. Docket Nos. 28, 32. Nonetheless, this Court retains supplemental jurisdiction over RHLF's motion to adjudicate its attorney's lien. *See* 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy..."); *see also Curry v. Guam Mem'l Hosp. Auth.*, 941 F.2d 730, 731 (9th Cir. 1991) ("Courts have long recognized that fee disputes arising from litigation

pending before a district court fall within that court's ancillary jurisdiction"); *FilmKraft Prods. India PVT Ltd. v. Spektrum Entm't, Inc.*, 2010 U.S. Dist. LEXIS 13330, at *6 (D. Nev. Dec. 2, 2010) ("it is only in the charging lien context that a court has incidental jurisdiction to resolve a fee dispute") (citation omitted).

## IV. CALCULATION OF LIEN AMOUNT

When a client terminates an attorney's representation, the terminated attorney's "only valid theory of payment for his services is via *quantum meruit*." *Hartunian v. Racusin*, 120 F. App'x 689, 701 (9th Cir. 2005). Nonetheless, the terminated attorney can be compensated only for the reasonable value of his services and bears the burden "to establish the reasonableness of the fee." *Sloan v. Country Preferred Ins. Co.*, 2012 U.S. Dist. LEXIS 102241, at *4 (D. Nev. July 9, 2013) (quoting *State Bar of Nevada Standing Committee on Ethics and Professional Responsibility Formal Opinion No. 18*, issued April 29, 1994 (listing "the time expended, results obtained, the nature of the case and the understanding of the parties" as factors to consider when determining the reasonableness of a fee)).

RHLF charges $1,000 an hour for work performed by either staff or an attorney as a "blended hourly firm rate," based on, *inter alia*, the understanding that "the attorney is ultimately responsible for the work and required to review such documents." Docket Nos. 33 at 4, 41 at 5. Attached to RHLF's motion to adjudicate attorney's lien, RHLF provides a timesheet documenting time spent on certain tasks from April 2, 2015 until May 2, 2016. Docket No. 33-9. Despite RHLF's practice of charging a "blended hourly firm rate," the timesheet does not provide sufficient information for the Court to determine the reasonableness of the fees requested by the attorney's lien. *Id.* Therefore, the Court **ORDERS** RHLF to file a supplement to its motion, no later than October 30, 2017, that provides the following information:

1. The name and title of each timekeeper for each entry on the timesheet;
2. A description of the nature of each entry, indicating whether the work was performed in furtherance of the UIM claim or otherwise;
3. Copies of relevant correspondence regarding work performed in furtherance of the UIM claim;
4. An affidavit with the qualifications of the attorneys who provided services to Plaintiff;[1]

---

[1] RHLF's motion submits a brief summary of Richard A. Harris', the firm's principal attorney, qualifications. Docket No. 33 at 4. However, based on RHLF's recent filings, attorneys Kristina R.

4

5. An affidavit explaining what payments and on which dates, if any, RHLF obtained for any of the work performed for this case or listed in the timesheet, including settlement payments from, but not limited to, any insurance company;

6. An affidavit explaining in detail why RHLF should be compensated for work after it was terminated on April 14, 2016.

IT IS SO ORDERED.

Dated: October 25, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

Weller, Joshua R. Harris, and Michael I. Sandoval performed most, if not all, of the work on this case. Docket Nos. 33 at 17, 41 at 6, 33-5, 33-4 at 4, 33-3 at 1.