UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SANFORD COHEN,

                Plaintiff(s),

vs.

CATHERINE ISABELLA GOLD,

                Defendant(s).

Case No. 2:17-cv-00804-JAD-NJK

**ORDER**

(Docket Nos. 36, 39)

Pending before the Court are attorney Gerald F. Neal's motion under Fed.R.Civ.P. 19 to add him as a party to the instant case for attorney's fees and costs. Docket No. 36. Also pending before the Court is Mr. Neal's motion to intervene under Fed.R.Civ.P. 24(a)(2). Docket No. 39. Richard Harris Law Firm ("RHLF") filed a notice of non-opposition to Mr. Neal's motion to intervene. Docket No. 40. RHLF filed a response in opposition to Mr. Neal's motion to add him as a party for attorney's fees and costs. Docket No. 42. Plaintiff filed a response in opposition to both of Mr. Neal's motions. Docket No. 43. RHLF filed a response in opposition to Plaintiff's response in opposition. Docket No. 44. Mr. Neal filed a reply. Docket No. 45. For the reasons discussed below, both motions are **DENIED.**

**I.    BACKGROUND**

On September 19, 2017, RHLF filed a motion to adjudicate attorney's lien. Docket No. 33. On October 4, 2017, Mr. Neal filed a motion to add him to the instant case as a party pursuant to Fed.R.Civ.P. 19. Docket No. 36. Mr. Neal submits, without citing to any exhibits or authorities, that, as "a person materially interested in the outcome of [RHLF's] Motion for Attorney's Fees," he should have been served

1 | with RHLF's motion to adjudicate attorney's lien. *Id.* at 2. Mr. Neal submits in his second motion that,
2 | because neither RHLF nor Plaintiff adequately represent Mr. Neal's interest in obtaining his attorney's fees
3 | and costs, he should be permitted to intervene in the action as a matter of right under Fed.R.Civ.P. 24(a)(2).
4 | Docket No. 39 at 2.

Although RHLF does not oppose Mr. Neal's intervention as a party, it objects to Mr. Neal's motion for attorney's fees and costs and motion to join. RHLF objects to Mr. Neal using its motion to adjudicate attorney's lien as a mechanism to obtain his own attorney's fees. Docket No. 42 at 1. RHLF further submits that it had no obligation to serve its motion to adjudicate attorney's lien on Mr. Neal as Mr. Neal is not a party to the action. Plaintiff objects to Mr. Neal's intervention, addition to case, and request for attorney's fees and costs because Mr. Neal does not indicate whether he seeks attorney's fees and costs from Plaintiff's estate or RHLF, let alone provide exhibits indicating the work for which he should be compensated. Docket No. 43 at 2.

In its second response, RHLF objects to Plaintiff's submission that Plaintiff's estate is not responsible for Plaintiff's attorney's fees and costs. Docket No. 44 at 2. Mr. Neal's reply provides no substantive nor relevant arguments in support of his motions. Docket No. 45.

## II. STANDARDS

### A. Fed.R.Civ.P. 19

Fed.R.Civ.P. 19(a)(1)(B) states, in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if that person claims an interest relating to the subject of the action...

Fed.R.Civ.P. 19 is not applicable, as Mr. Neal is not an appropriate party to join to this action. Moreover, the Court dismissed the instant case on August 22, 2017; pursuant to Fed.R.Civ.P. 19, there is no longer an action for Mr. Neal to join as a party. Docket No. 32.

### B. Fed.R.Civ.P. 24

Fed.R.Civ.P. 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2) is not applicable to Mr. Neal's intentions of intervening in the instant case because he is not an appropriate intervenor. To adjudicate his own attorney's lien, Mr. Neal must file his own motion to adjudicate attorney's lien. Moreover, as previously discussed, the Court dismissed the instant case on August 22, 2017; for the purposes of Fed.R.Civ.P. 24, there is no longer an action in which Mr. Neal can intervene. Docket No. 32.

### III. ANALYSIS

For the aforementioned reasons, the Court finds that both of Mr. Neal's motions were submitted under inapplicable rules and standards. Therefore, the Court **DENIES** Mr. Neal's motion to join under Rule 19 for attorney's fees and motion to intervene. Docket Nos. 36, 39. Mr. Neal may file the appropriate motion, demonstrating the appropriate standards, including any necessary exhibits, no later than November 1, 2017.

IT IS SO ORDERED.

Dated: October 26, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE