# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SANFORD COHEN,

        Plaintiff(s),

vs.

CATHERINE ISABELLA GOLD,

        Defendant(s).

Case No. 2:17-cv-00804-JAD-NJK

**ORDER**

(Docket No. 52)

Pending before the Court is Richard Harris Law Firm's ("RHLF") supplement to its motion to adjudicate attorney's lien. Docket No. 52; *see also* Docket No. 33 (motion to adjudicate attorney's lien). On October 25, 2017, the Court ordered RHLF to file a supplement that provided, *inter alia*, "copies of relevant correspondence regarding work performed in furtherance of the UIM claim" as well as "an affidavit explaining what payments and on which dates, if any, RHLF obtained for any of the work performed for this case or listed in the timesheet, including settlement payments from, but not limited to, any insurance company." Docket No. 46 at 4-5.

The Court finds that the documents provided in the supplement in response to the correspondence and payments are insufficient to assist the Court in addressing RHLF's motion to adjudicate attorney's lien. Docket No. 52-2. Docket No. 52-2 is a disorganized and inexplicable collection of documents, consisting of, *inter alia*: unresponsive and duplicative copies of documents related to RHLF's representation of Catherine Gold (Docket No. 52-2 at 2, 3, 39-43, 62-66, 103-04, 120-24) and duplicative copies of insurance policies (Docket No. 52-2 at 44-59, 67-82, 125-140). In the midst of the documents provided, RHLF

provided only one copy of a correspondence sent from RHLF to Ocean Harbor Casualty Insurance (Docket No. 52-2 at 5) in response to the Court's order for "copies of relevant correspondence regarding work performed in furtherance of the UIM claim." Docket No. 46 at 4.

Additionally, the Court finds Kristina Weller's affidavit insufficiently explains the payments received by RHLF for "any of the work performed for this case." Docket No. 46 at 5; *see also* Docket No. 52-4 at 2 (Kristina Weller's affidavit). While the Court requested the amount and date of payments, it also requested an explanation of the payments. Docket No. 46 at 5. Given the purpose of the Court's Order at Docket No. 46, the explanation should include what deductions from any payments RHLF took as compensation for its work on the case. However, Ms. Weller's affidavit fails to explain how much of the $5,000 from Progressive Insurance for the UIM medical payments' coverage, if any, was taken by RHLF as compensation for its work. Docket No. 52-4 at 2. Within the 145 pages of documents provided in Docket No. 52-2, the Court located three documents related to Progressive Insurance's payment of $5,000. *Id.* at 30, 83, 114. Although the checks were made to Plaintiff, it appears that the checks were mailed to RHLF; the Court is unable to discern from these documents what amount, if any, RHLF deducted as compensation for its work performed from the $5,000. *Id.* Ms. Weller submits that "a portion of the $15,000" from Progressive Insurance for the bodily injury claim would be taken by RHLF as compensation. The Court therefore cannot discern what amount, if any, RHLF deducted as compensation for its work performed from the $15,000.

As the Court noted in its order (Docket No. 46), the terminated attorney can be compensated only for the reasonable value of his services and bears the burden "to establish the reasonableness of the fee." *Sloan v. Country Preferred Ins. Co.*, 2012 U.S. Dist. LEXIS 102241, at *4 (D. Nev. July 9, 2013) (quoting State Bar of Nevada Standing Committee on Ethics and Professional Responsibility Formal OpinionNo. 18, issued April 29, 1994 (listing "the time expended, results obtained, the nature of the case and the understanding of the parties" as factors to consider when determining the reasonableness of a fee)). RHLF's affidavit fails to meet this burden. Docket No. 52-4.

The Court will allow RHLF one final opportunity to comply with its order at Docket No. 46 to enable the Court to appropriately address RHLF's motion to adjudicate attorney's lien. No later than December 4, 2017, RHLF shall file a second supplement that complies with the Court's Order. RHLF shall

not provide a compilation of unidentified and duplicative copies of unresponsive documents in this second supplement.

IT IS SO ORDERED.

Dated: November 27, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE