# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SANFORD COHEN, | ) |
| Plaintiff(s), | ) Case No. 2:17-cv-00804-JAD-NJK |
| | ) **ORDER** |
| vs. | ) |
| | ) (Docket No. 33) |
| CATHERINE ISABELLA GOLD, | ) |
| Defendant(s). | ) |

Pending before the Court is Richard Harris Law Firm's ("RHLF") motion to adjudicate attorney's lien. Docket No. 33. Plaintiff filed a response in opposition. Docket No. 37. RHLF filed a reply. Docket No. 41. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **ORDERS** Plaintiff to pay RHLF's attorney's lien in the amount of $1,662.50 within 30 days of the issuance of this order.[1]

## I.    BACKGROUND

The motion to adjudicate attorney's lien arises out of RHLF's lien on the instant case. *See generally* Docket Nos. 33, 33-4. On April 2, 2015, Mr. Cohen retained RHLF to represent him in a suit resulting from a car accident, in which he was the passenger of a vehicle driven by Defendant. Docket No. 33 at 2.

---

[1] Sanford Cohen, the named Plaintiff, died on April 7, 2017. Docket No. 24-1 at 5. Mr. Cohen's estate filed a motion to substitute itself as the real party in interest, however, the Court denied it as moot because the parties had reached a settlement. Docket Nos. 30, 32. In the instant order, 'Plaintiff' refers to Mr. Cohen's estate and Mr. Cohen is referred to by name where appropriate.

1  RHLF pursued a bodily injury claim as well as an underinsured motorist claim (UIM) against Defendant's insurance, Mr. Cohen's insurance, and against the second driver and his insurance. *Id.* at 2. RHLF obtained $670.11 on May 28, 2015, and $4,329.89 on July 7, 2015, from Progressive Insurance (Defendant's insurance) for the UIM medical coverage, totaling $5,000. Docket No. 55-2 at 29, 57; *see also* Docket No. 55-5 at 2. On September 29, 2015, RHLF obtained $15,000 from Progressive for the bodily injury claim. Docket No. 55-5 at 2. On April 14, 2016, Plaintiff terminated RHLF's representation. Docket No. 33-3. In the instant motion, RHLF requests the Court to adjudicate its attorney's lien for unpaid fees related to its work in furtherance of the UIM claim against Ocean Harbor Casualty Insurance Company (Plaintiff's insurance).[2]

## II.  ENTITLEMENT TO FEES

### A.  JURISDICTION

Plaintiff submits that the Court does not have jurisdiction over the instant motion because the case was dismissed with prejudice prior to the filing of RHLF's motion. Docket No. 37 at 3; *see also* Docket No. 32 (order granting stipulation of dismissal). RHLF, however, submits that the Court does have jurisdiction over its motion because it is ancillary to a proceeding that was before the Court. Docket No. 41 at 2.

Pursuant to Nevada Revised Statute ("N.R.S.") 18.015, an attorney's lien may attach to "any verdict, judgment or decree." This language implies that motions to recover an attorney's lien may be brought after a case is closed. Further, a lien on the settlement of a case cannot be adjudicated until the case is settled.

Additionally, this Court has previously exercised its jurisdiction over motions to adjudicate an attorney's lien filed after a case has closed. *See Mendoza v. Met Life Auto & Home Ins. Agency, Inc.*, 2012 U.S. Dist. LEXIS 126418, at *3-9 (D. Nev. Sept. 6, 2012) (finding that "the Court has incidental jurisdiction to adjudicate the fee dispute...[unless the] right to fees is based purely upon a quantum meruit theory..."). RHLF's motion is based on work performed in furtherance of a claim in the instant case and, therefore, is "so closely related to the underlying litigation" that the Court can properly exercise ancillary

---

[2] RHLF submits that it has recovered for its services performed in furtherance of the bodily injury claim in the amount of $6,176.95, which was deducted from the $15,000 payment from Progressive. Docket No. 55-5 at 2.

or supplemental jurisdiction. *FSLIC v. Ferrante*, 465 F.3d 1037, 1039-041 (9th Cir. 2004) (finding that Courts have ancillary jurisdiction over an award of attorney fees following dismissal) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396-396); *see also Law Offices of Bruce Altschuld v. Wilson*, 632 Fed. Appx. 321, 322-323 (9th Cir. 2015) ("ancillary jurisdiction [over attorneys' fees disputes] exists even after the underlying litigation has concluded"); *cf FilmKraft Prods. India PVT Ltd. v. Skeptrum Entm't, Inc.*, 2010 U.S. Dist. LEXIS 133330, at *2-3 (D. Nev. Dec. 2, 2010) (although the motion to adjudicate attorney's lien had been filed prior to dismissal of the case, the Court found that it had supplemental jurisdiction over the motion because it was "so related to the action at hand").

Therefore, the Court finds that it has jurisdiction over the instant motion.

B. ATTORNEY'S LIEN AND QUANTUM MERUIT

Nevada Revised Statute 18.015 states:

1. An attorney at law shall have a lien:

> (a) Upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted.
>
> (b) In any civil action, upon any file or other property properly left in the possession of the attorney by a client.

2. A lien pursuant to subsection 1 is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client.

3. An attorney perfects a lien described in subsection 1 by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien.

4. A lien pursuant to:

> (a) Paragraph (a) of subsection 1 attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action; and
>
> (b) Paragraph (b) of subsection 1 attaches to any file or other property properly left in the possession of the attorney by his or her client, including, without limitation, copies of the attorney's file if the original documents received from the client have been returned to the client, and authorizes the attorney to retain any such file or property until such time as an adjudication is made pursuant to subsection 6, from the time of service of the notices required by this section.

5. A lien pursuant to paragraph (b) of subsection 1 must not be construed as inconsistent with the attorney's professional responsibilities to the client.

> 6. On motion filed by an attorney having a lien under this section, the attorney's client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.
>
> 7. Collection of attorney's fees by a lien under this section may be utilized with, after or independently of any other method of collection.

N.R.S. 18.015.

Nevada recognizes two liens: (1) a charging lien, which "attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action" and (2) a retaining lien, which applies to "any file or other property properly left in the possession of the attorney by a client." *See* N.R.S. 18.015; *see also Green Tree Servicing LLC v. Elkhorn Cmty. Ass'n*, 2017 U.S. Dist. LEXIS 53023, *4-6 (D. Nev. Apr. 5, 2017). To properly adjudicate a charging lien, the attorney may not have withdrawn from the case and may only file its motion once the underlying case has been resolved. *Nationstar Mortg., LLC v. Desert Shores Cmty. Ass'n*, 2017 U.S. Dist. LEXIS 68281, at *2-4 (D. Nev. Jan. 13, 2017). RHLF did not withdraw from its representation, but was terminated by Plaintiff on April 14, 2016. Docket No. 33 at 3. The instant case was dismissed on August 22, 2017. Docket No. 32. Therefore, the Court finds that RHLF is properly asserting a charging lien.

Even when an attorney's lien exists based on a retainer agreement, "a terminated attorney is entitled to *quantum meruit* of fees at the conclusion of the client's case." *Nationstar Mortg.*, 2017 U.S. Dist. LEXIS 68281, at *4-6. To obtain fees under *quantum meruit*, an attorney must establish the reasonableness of those fees. *Id.*

C. PERFECTING ATTORNEY'S LIEN

Before the Court can adjudicate a charging lien, the moving party must demonstrate that it has perfected its lien. N.R.S. 18.015(3); *see e.g.*, *Montgomery v. Etreppid Techs. LLC*, 2007 U.S. Dist. LEXIS 79009, at *11-12 (D. Nev. Oct. 12, 2007). N.R.S. 18.015(3) instructs that, to perfect a lien, an attorney must serve "notice in writing, in person or by certified mail, return receipt requested, upon his or her client...claiming the lien and stating the amount of the lien." Plaintiff submits that RHLF failed to perfect

its lien because it did not effectuate service on Plaintiff.[3] Docket No. 37 at 4. RHLF submits that it attempted to serve Mr. Cohen, but that the mailing was returned with a note indicating that Mr. Cohen had died, making it impossible for Mr. Cohen to sign the return receipt. Docket No. 41 at 2.

N.R.S. 18.015(3) requires the attorney to mail notice of his or her lien in accordance to the specifications; it does not require that the recipient have actual notice or return the certified mail. RHLF properly effectuated service to perfect its lien pursuant to N.R.S. 18.015(3) on multiple occasions. First, on May 20, 2016, RHLF sent a notice of its attorney's lien to Mr. Cohen's new attorney, Gerald F. Neal, who signed the return receipt (Docket Nos. 33-4 at 1-5, 8, 33-5 at 2), and to Mr. Cohen, to whom delivery was unsuccessful (Docket Nos. 33-4 at 7, 33-5 at 1). Second, on December 22, 2016, RHLF sent a notice of its attorney's lien to Mr. Cohen's third new attorney, Trevor Quick, who signed the return receipt (Docket No. 33-6 at 1-2). Third, on August 2, 2017, RHLF send notice of its attorney's lien to Mr. Cohen's fourth new attorney, Michael D. McLachlan (Docket No. 33-7 at 2), and to Mr. Cohen, although Mr. Cohen's letter was returned with a note that Mr. Cohen had died. Docket No. 33-8 at 1.

Therefore, the Court finds that RHLF has perfected its lien pursuant to N.R.S. 18.015(3).

D.     PROPER PARTY

Plaintiff submits that, since Mr. Cohen's estate was never formally substituted as the real party in interest, there is no proper party against whom RHLF can adjudicate its lien. Docket No. 37 at 4. Plaintiff attempted to substitute itself as the real party in interest on June 19, 2017. Docket No. 24. RHLF submits, and the Court agrees, that "[j]ust because a person dies, does not necessarily mean that the liens and obligations die with him. They become obligations of the Estate to pay." Docket No. 41 at 2.

The Court denied Plaintiff's motion to substitute as moot because Plaintiff and Defendant reached a settlement. Docket No. 30. Plaintiff's estate submitted itself to the Court's jurisdiction when Plaintiff's attorney filed the various motions and made general appearances on behalf of the estate. Docket Nos. 24,

---

[3] Plaintiff further submits that RHLF failed to perfect its lien because it did not join or serve Gerald F. Neal, Mr. Cohen's former attorney, with the instant motion. Docket No. 37 at 4. Mr. Neal was terminated as counsel on October 26, 2017 and is neither a party to this action nor a necessary party in adjudicating RHLF's lien. Moreover, the Court separately addressed Mr. Neal's motion for attorney's fees and motion to intervene and, therefore, does not find Plaintiff's argument persuassive. Docket No. 47.

27, 28, 31. Moreover, a decedent's estate is responsible for the decedent's outstanding debts. *See Balestra v. Balestra-Leigh*, 2010 U.S. Dist. LEXIS 85074, at *4 (D. Nev. July 15, 2010) ("The personal representative of the estate pays off the creditors of the estate..."); *see generally* N.R.S. 143.010 - 143.210; *see cf* N.R.S. 150.220 - 150.280. Therefore, the Court finds that Plaintiff is the proper party against whom RHLF can adjudicate its lien and from whom RHLF may obtain payment.

E. CONTINUING WORK

Plaintiff submits that its attorneys are still accruing time in the instant case and, therefore, RHLF's motion is not ripe. Docket No. 37 at 5. RHLF submits that Plaintiff's attorney's fee is likely fixed and, therefore, does not impact RHLF adjudicating its lien. Docket No. 41 at 3.

Plaintiff fails to provide a meaningfully developed argument that a former attorney's lien cannot be adjudicated because a current attorney is still accruing time. *See Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (rejecting blanket claims of privilege as sufficient to address the applicable standard); *see also Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed). The case is closed and Plaintiff's attorneys are merely conducting wrap-up work and negotiating the final amounts of the various medical liens. Docket No. 37 at 5. Moreover, Plaintiff submits that it was working on the case as of October 6, 2017, when it filed its response in opposition to the motion. Docket No. 37 at 5. Since then, Plaintiff has not provided the Court with additional information indicating that it is still working on the instant case.

Therefore, the Court finds that RHLF is not precluded from obtaining its lien because Plaintiff's attorneys were or may still be accruing time.

F. CONFLICT OF INTEREST

Plaintiff submits that RHLF's joint representation of Mr. Cohen and Defendant presented a conflict of interest and, therefore, RHLF is barred from recovering its attorney's lien. Docket No. 41 at 5. RHLF submits that no actual or potential conflict of interest existed. Docket No. 41 at 3. Nevada Rule of Professional Conduct ("NRPC") 1.7(a) states:

> "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) The representation of one client will be directly adverse to another client; or

//

> (2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

NRPC 1.7(a).

An attorney may not recover fees when services were rendered in violation of the rules of professional conduct. *See Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 197 P.3d 1051, 1059 (Nev. 2008). In the instant motion, Plaintiff makes the conclusory statement that "[t]here should be no doubt that Cohen and Gold presented a concurrent conflict of interest, since this very action - resulting in the fee now in dispute, ironically - involves claims by Cohen against Gold." Docket No. 37 at 5. Mere dual representation, however, does not automatically result in a conflict of interest that bars attorney's fees. *See Frank Settelmeyer & Sons, Inc.*, 197 P.3d at 1059 (finding "no conflict of interest necessitating consent or barring [the attorney's] recovery of attorney fees" despite dual representation). The instant case was filed in the Eighth Judicial District Court on January 9, 2017, and removed to this Court on March 17, 2017. Docket No. 1 at 4, 12. Mr. Cohen terminated RHLF on April 15, 2016, well before the instant case against Defendant ensued. Docket No. 33 at 3. Therefore, the Court finds that conflict of interest existed such that RHLF may not recovery fees..

Both parties cite to *U.S. ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc.*, which held that "when the ethical violation in question is a conflict of interest between the attorney and the client...the appropriate fee for the attorney is zero," if "the violation is one that pervades the whole relationship."[4] 89 F.3d 574, 579-590 (9th Cir. 1996). Even if a potential conflict of interest existed in the instant case, Plaintiff has not provided a meaningfully developed argument that RHLF's representation of Mr. Cohen and Defendant, before they became adversaries, presented a potential conflict that rose to the level of "pervad[ing] the whole relationship" to warrant a complete bar on attorney's fees. *Id.* Therefore, the Court finds that any potential conflict in RHLF representing Mr. Cohen and Defendant does not bar RHLF from recovering its attorney's lien.

---

[4] The Ninth Circuit based its holding "[i]n light of California law." *U.S. ex rel. Virani*, 89 F.3d at 579-590. However, the Court finds that California's Rule of Professional Conduct 3-310(C), which governs conflicts of interest, is sufficiently similar to NRPC 1.7(a) to warrant the reliance on *U.S. ex rel. Virani*.

Accordingly, the Court finds that RHLF is entitled to recover the reasonable rate of its services under its attorney's lien for work performed in furtherance of the UIM claim.

### III. APPORTIONMENT

The Court now turns to the calculation of the fees.

#### A. LODESTAR

Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[5]

##### 1. *Clerical Work*

As a preliminary matter, RHLF's revised time sheet includes work conducted by two legal secretaries, Brooke Pribyl and Cynthia M. *See* Docket No. 55-1. Courts within the Ninth Circuit exclude recovery of time spent on clerical or secretarial work, as such costs "should be covered in hourly rates as normal overhead." *See Alzheimer's Inst. of Am. v. Eli Lilly & Co.*, 2016 U.S. Dist. LEXIS 189427, at *16 (N.D. Cal. Apr. 14, 2016); *see, e.g.*, *Perfect 10, Inc. v. Giganews, Inc.* 2015 U.S. Dist. LEXIS 54063, at *82-83 (C.D. Cal. Mar. 24, 2015); *Friends of Moon Creek v. Diamond Lake Improvement Ass'n*, 2014 U.S. Dist. LEXIS 187538, at *6-7 (E. D. Wash. July 15, 2014); *SemMaterials, L.P. v. Alliance Asphalt, Inc.*, 2007 U.S. Dist. LEXIS 15470, at *6-9 (D. Idaho Mar. 1, 2007). Therefore, all tasks performed by Ms. Pribyl or Ms. M will not be included in the lodestar analysis.

Moreover, "parties cannot recover fees conducting clerical matters," regardless of who performs them. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *see also Davis v. City of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) ("It is simply not reasonable for a lawyer to bill, at [their] hourly rate, for tasks that a non-attorney employed by [them] could perform at a much lower cost"); *Cruz v. Alhambra Sch.*

---

[5] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

*Dist.*, 601 F. Supp. 2d 1183, 1193 (C.D. Cal. 2009). Various clerical tasks were also performed by two case managers, Jennifer Rosales and Andrea Verrett. Docket No. 55-1. RHLF fails to provide an affidavit or explanation otherwise indicating whether a case manager's responsibilities are akin to that of a secretary or to that of a paralegal to facilitate the Court's determination of the reasonableness of the fees charged for their work. The Court does not sift through the individual tasks to determine their nature. Therefore, all tasks performed by Ms. Rosales or Ms. Verrett will not be included in the lodestar analysis.

2. *Reasonable Hours*

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). The reasonableness of hours expended depends on the specific circumstances of each case. *See Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433.

a. Work for both UIM claim and bodily injury claim

RHLF submits that Michael Sandoval, the attorney assigned to the instant case, spent a total of 3.6 hours on tasks that were in furtherance of both the UIM claim and the bodily injury claim. Docket No. 55-1. The Court splits in half all time spent on services that were in furtherance of both the UIM claim and the bodily injury claim to account for the time spent solely on the UIM claim, to 1.8 hours.

b. Work reviewed by an attorney

RHLF submits that Mr. Sandoval reviewed Ms. Verrett's work in some instances, for a total of .7 hours. *Id.* The Court splits in half all time spent on services for which Mr. Sandoval reviewed Ms. Verrett's work, to .35 hours.

c. Conclusion

Having reviewed the record, the Court finds that the following are the hours reasonably expended in this matter as to the UIM claim: (1) services in furtherance of both the UIM claim and the bodily injury

1 claim: 1.8 hours; (2) subordinate work reviewed by Mr. Sandoval: .35 hours; (3) work solely towards the UIM claim by Mr. Sandoval: 4.5 hours.

3. *Reasonable Rates*

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *See Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The instant motion is not RHLF's first attempt to recovery attorneys' fees in this Court. In *Sloan v. Country Preferred Ins. Co.*, RHLF filed a motion to adjudicate its attorney's lien based on a retainer agreement that included the same terms as the retainer agreement used in the instant case: a contingent fee of 40% or "1,000 per hour for all attorney and staff time." 2013 U.S. Dist. LEXIS 48839, at *2 (D. Nev. Apr. 4, 2013). The Court in *Sloan* found that "[i]t is unconscionable to charge such a high rate for both attorney and staff time, and the retainer agreement serves only to discourage (and potentially punish) clients from discharging the Harris firm. As such, it is unreasonable and void as against public policy." *Sloan v. Country Preferred Ins. Co.*, 2013 U.S. Dist. LEXIS 102241, at *5 (D. Nev. July 9, 2013). This Court agrees with the finding in *Sloan*..

In the instant case, RHLF seeks an hourly rate of $1,000 for Mr. Sandoval, an associate with five years of experience. Docket No. 55-3 at 2. RHLF's motion attests to biographical information for Mr. Sandoval, including his education and bar license. *Id.* Ample case law exists that estables that the upper range of the prevailing rates in this District is $450 for partners and $250 for experienced associates. *See,*

*e.g.*, *Sinayan v. Luxury Suites Int'l, LLC*, 2016 U.S. Dist. LEXIS 109890, at *12 & n.4 (D. Nev. Aug. 17, 2016) (collecting cases). Therefore, the Court finds a rate of $250 per hour reasonable for Mr. Sandoval.

    B.    CALCULATION

As established above, the Court finds that RHLF should recover its attorney's lien for 6.65 hours for Mr. Sandoval. As such, the Court awards RHLF $1,662.50 in full satisfaction of its attorney's lien.

**IV.    CONCLUSION**

For the reasons discussed above, the Court **ORDERS** Plaintiff to pay RHLF's attorney's lien in the amount of $1,662.50 within 30 days of the issuance of this order.

IT IS SO ORDERED.

Dated: March 12, 2018

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE